# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **JAMES CARMICHAEL**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:20-cv-274 |
| **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JAMES CARMICHAEL** ("Carmichael" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA) for (1) retaliation in violation of the ADEA, and (2) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **JAMES CARMICHAEL** ("**CARMICHAEL**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

3. Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("School") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was **CARMICHAEL**'s employer.

1

4. At all material times, **SCHOOL** employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **CARMICHAEL**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **SCHOOL** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. **CARMICHAEL** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 18, 2020 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **CARMICHAEL** began his employment with **SCHOOL** in or about November 2011 and was employed as a drama/theater teacher.

10. **CARMICHAEL** always performed his assigned duties in a professional manner and was very well qualified for his position. He always met and exceeded the **SCHOOL**'s performance goals.

11. Immediately prior to **CARMICHAEL**'s separation, his 2018-19 Performance Review stated he was "effective" overall and highly effective in several categories. In no category was **CARMICHAEL** rated as unsatisfactory at all. And in his 2017-18, 2016-17, 2015-16

2

evaluation, **CARMICHAEL** was rated has "highly effective," the highest ranking the **SCHOOL** gives out.

12. However, **CARMICHAEL** is the son of Ms. Shelley Carmichael, who was also employed with the **SCHOOL** and who filed a Charge of Discrimination (#510-2018-05723) on July 19, 2018. **CARMICHAEL** provided assistance to his mother in enforcing her legal rights prior to and after her separation from employment with the **SCHOOL**, and Ms. Angela Pruitt was heavily involved in terminating Ms. Carmichael's employment.

13. Shortly thereafter, in August 2018, the **SCHOOL** began to retaliate against **CARMICHAEL** because of his assistance to his elderly mother, who sought enforcement of her rights under the ADEA and FCRA. Specifically, and for the first time in **CARMICHAEL**'s career, the **SCHOOL** issued him written discipline.

14. **CARMICHAEL**'s employment was otherwise without incident until his mother requested the EEOC issue a Notice of Right to Sue. When the EEOC did that on February 28, 2019, a copy of which was contemporaneously sent to Ms. Pruitt, the **SCHOOL**'s "Chief Human Resources Officer," the **SCHOOL** retaliated again by issuing **CARMICHAEL** further unwarranted written discipline less than 2-weeks later, on March 12, 2018.

15. When **CARMICHAEL**'s mother then filed her federal lawsuit (Case No. 2:19-cv-293, M.D. Fla.) on May 2, 2019, the **SCHOOL** abruptly informed **CARMICHAEL** on May 10, 2019 that his annual contract would not be renewed. The **SCHOOL** provided no substantive reason for its adverse action against **CARMICHAEL** at that time.

16. Upon information and belief, shortly before **CARMICHAEL**'s termination Ms. Pruitt conspired with **CARMICHAEL**'s supervisor by requesting the supervisor make a false

3

complaint about **CARMICHAEL** – which she did shortly thereafter – in order to cover up the **SCHOOL**'s illegal, retaliatory motive to terminate him.

17. As a result of the foregoing, **CARMICHAEL** has suffered damages stemming the loss of his employment.

## COUNT I – VIOLATION OF THE ADEA- RETALIATION

18. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

19. Following Ms. Carmichael's objection to age discrimination and pursuit of the enforcement of her legal rights, **SCHOOL** retaliated by altering the terms and conditions of her son's employment by terminating **CARMICHAEL**.

20. Ms. Carmichael's objection to age discrimination constitute a protected activity because such objections were in furtherance of rights secured to her by law.

21. Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **CARMICHAEL** including changed working conditions, discipline, and ultimately termination.

22. Instead of ceasing its disparate treatment against Ms. Carmichael based upon age, **SCHOOL** retaliated against **CARMICHAEL** via changed working conditions, discipline, and termination.

23. The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of the ADEA.

24. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **CARMICHAEL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

25. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **CARMICHAEL** is entitled to all relief necessary to make him whole as provided for under the ADEA.

26. As a direct and proximate result of **SCHOOL**'s actions, **CARMICHAEL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

27. **CARMICHAEL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Liquidated damages;

iv. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

vi. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vii. Reasonable attorney's fees plus costs, and;

viii. Such other relief as this Court shall deem appropriate.

## **COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

28. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

29. Following Ms. Carmichael's objection to age discrimination and pursuit of the enforcement of her legal rights, **SCHOOL** retaliated by altering the terms and conditions of her son's employment by terminating **CARMICHAEL**.

30. Ms. Carmichael's objection to age discrimination constitute a protected activity because such objections were in furtherance of rights secured to her by law.

31. Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **CARMICHAEL** including changed working conditions, discipline, and ultimately termination.

32. Instead of ceasing its disparate treatment against Ms. Carmichael based upon age, **SCHOOL** retaliated against **CARMICHAEL** via changed working conditions, discipline, and termination.

33. The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of the FCRA.

34. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CARMICHAEL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

35. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **CARMICHAEL** is entitled to all relief necessary to make him whole as provided for under the ADEA.

36. As a direct and proximate result of **SCHOOL**'s actions, **CARMICHAEL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

37. **CARMICHAEL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

 vi. Reasonable attorney's fees plus costs;

 vii. Compensatory damages, and;

 viii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

 Respectfully submitted,

Dated: April 15, 2020    **/s/ Benjamin H. Yormak**
           Benjamin H. Yormak
          Florida Bar Number 71272
          Trial Counsel for Plaintiff
          Yormak Employment & Disability Law
          9990 Coconut Road
          Bonita Springs, Florida 34135
          Telephone: (239) 985-9691
          Fax: (239) 288-2534
          Email: byormak@yormaklaw.com